(46 Misc. Rep. 263)

SCHNURER v. BIRBECK SAVINGS & LOAN CO. OF AMERICA.

(Supreme Court, Appellate Term.    January 17, 1905.)

1. CONTRACT—DELIVERY OF DEED—PLACE—CONSTRUCTION.
    Where a contract between a vendor and purchaser provided for delivery of a deed at the office of the vendor to the purchaser's assignee, the vendor was not entitled to require the assignee to accept delivery by deposit by the vendor of the deed with the register for record.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Henry Schnurer against the Birbeck Savings & Loan Company of America. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Cook & Benjamin, for appellant.
Walter L. Bunnell, for respondent.

SCOTT, J.    The defendant entered into a written contract of sale of real property to one Adlerman, who afterwards, with defendant's consent, assigned the contract to plaintiff. On signing the contract $250 was paid to defendant, and it was provided that on the delivery of the deed the purchaser should pay $550 in cash, and execute and deliver a purchase-money mortgage for $2,800. The contract provided that the deed should be delivered at the office of defendant No. 8 Bible House, in the city of New York. Several adjournments were made of the time of closing title, but no change was made as to the place at which the deed should be delivered. At the appointed time and place the plaintiff appeared prepared to complete the contract, and tendered the amount of the cash payment required, and a properly executed bond and mortgage for the sum specified in the contract. After defendant's representative had made one or two frivolous objections to the mortgage, which do not require consideration here, it appeared that the only deed the defendant had caused to be prepared was made out to Adlerman, the original purchaser, although defendant had had timely notice of the assignment of the contract. There was no officer of defendant within

reach to execute another deed, or to authorize an alteration in the deed, already executed. The defendant's representative, however, with somewhat liberal views as to the power of an attorney employed to supervise the conveyance of title to real estate, offered to alter the already executed deed by erasing Adlerman's name and substituting that of plaintiff. He then, however, refused to deliver the deed at all, insisting that it should be retained by him, the purchase money and the mortgage being delivered to him, upon his promise to record the deed and mortgage the next morning. The purchaser, not unnaturally, insisted that the deed be delivered to him as provided by the contract, and upon defendant's refusal to make delivery brought this action for the amount of his deposit and damages. The defendant stands upon its refusal to deliver the deed, except by depositing it with the register for record. This position is clearly untenable. The plaintiff had done everything which the contract required him to do, and was entitled to a delivery of the deed. The contract provided that defendant would deliver a deed to plaintiff, being the assignee of the original contractor, and that such deed should be delivered at defendant's office. Without the delivery of the deed in some form to the purchaser, no title would pass. If the defendant had desired that the deed should be delivered at the register's office the contract should have so provided. The reasons given for refusing to deliver the deed according to the terms of the contract are as unsubstantial as the refusal is untenable, and judgment should have gone for plaintiff.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.